# COURT OF APPEALS.

## Charles L. White agt. Robert Bullock.

Before the act of 1849, to amend the Revised Statutes, relative to commissions to executors and administrators, the Revised Statutes gave the compensation to the *executors in general terms*, without providing for any apportionment among them upon equitable principles.

Consequently, where there were several executors, the compensation was to be divided *equally* among them. This right to compensation was a strict statutory right, not depending upon any equities whatever, and each was entitled to what the statute gave.

And it is doubtful whether even the surrogate, notwithstanding his plenary jurisdiction over the whole subject of the settlement of estates, had power to deprive either of the executors of any portion of the compensation to which he would be entitled by the terms of the statute.

By the act of 1849, which now governs this matter, it is provided that, "on the settlement of the account of an executor or administrator, the surrogate shall allow to him for his services, and if there be more than one, shall apportion among them, according to the services rendered by them respectively, over and above his or their expenses."

"1. For receiving and paying out all sums of money, not exceeding one thousand dollars, at the rate of five dollars per cent."

"2. For receiving and paying any sums exceeding one thousand dollars, and not amounting to five thousand dollars, at the rate of two dollars and fifty cents, per cent."

"3. For all sums of above five thousand dollars, at the rate one dollar per cent.; and in all cases such allowance shall be made for their actual and necessary expenses as shall appear just and reasonable."

In an action by one executor against his co-executor, for an equal proportion of the executor's commissions, where the defendant had received and paid out

White agt. Bullock.

nearly all the funds of the estate, as appeared by the final accounting before the surrogate, in 1848 ; *Held*, that the plaintiff was entitled to his equal half of such commissions.

*September Term*, 1857.

THE plaintiff and defendant were the executors of the will of John M. Mounsey, deceased. The plaintiff sued for one-half of the commissions allowed by the surrogate on the formal settlement of the affairs of the deceased, contending that he was entitled to an equal half of the commissions ; and the defendant, that the plaintiff had incurred no responsibility and rendered no services, except a joint liability for $121, and so was entitled to commissions only on the last sum.

The plaintiff produced the decree of the surrogate, dated March 9th, 1848, on the final accounting. That expressly declared, that the executors were debited with $121, and that they were allowed $121, by payments towards funeral expenses. This was charged and credited to both executors.

It was also declared that the rest of the moneys received, amounting to $10,233.59, except the above $121, were received by and debited to Bullock, the defendant, alone, and not jointly by him and his co-executor.

The payments also, amounting to $4,656.66, except this sum of $121, were made by and credited to Bullock alone, and he alone was ordered to pay out the balance of the property remaining after payment of the debts, and all the commissions thereon were ordered by the surrogate to be paid to him—the inventoried effects of the personal estate.

The circuit judge charged the jury, that if the surrogate's decree had passed upon the amount of commissions to be received by each executor, it would have been conclusive, if that were a matter then within his jurisdiction, as to which no opinion was expressed. But as it stated only the amount that was to be paid to both executors, that amount must be divided between them in proportion to services rendered by each executor ; and that without any other proof of those services, it was to be determined by the amount stated by the decree to have been received and paid out by them respectively. That if it.

White agt. Bullock.

had been proved that the plaintiff had rendered service in aid of the receipt and paying out of the $5,807.78, received by Bullock, or had become liable jointly with him for the amount or for part of it, he would have been entitled to a fair compensation for that service.

The counsel of the plaintiff excepted to the charge as given. The jury after retiring, returned and asked the justice if the plaintiff was not equally responsible with the defendant for the estate.

His Honor informed the jury, that the plaintiff was not so liable, merely from being a co-executor, and that there was no proof that he had done any act to make himself responsible, except as to the $121, and that the surrogate did not hold him responsible except as to that sum. To this the plaintiff's counsel excepted.

The plaintiff's counsel then asked the justice to charge that an executor was always accountable for money received by his co-executor, if he aids or assents to its being received by his co-executor, or if it is in his power to prevent the executor receiving it.

The justice refused the request as too broad, and the plaintiff's counsel excepted. The jury rendered a verdict for $3.50, in favor of the plaintiff.

A motion for a new trial was denied, and judgment for defendant affirmed with costs, at a general term, in the first district in June, 1855. MITCHELL, CLERKE and COWLES, Justices. From this judgment the plaintiff appealed to this court.

A. THOMPSON, *for appellant.*
PLATT, GERARD & BUCKLEY, *attorneys, and*
JAMES W. GERARD, *counsel for respondent.*

By the court—SELDEN, J. The Revised Statutes in prescribing the compensation to be allowed to executors and administrators upon the settlement of their accounts before the surrogate, gave *in terms* no power to the surrogate to apportion that compensation among them where there were several. It is

possible, as intimated by the chancellor, in *Valentine* agt. *Valentine*, (2 *Barb. Ch.* 430,) that even prior to the latter act, the exercise of such a power would have been considered within the general range of the surrogate's jurisdiction.

But upon the settlement of the executors' accounts in this case, which took place prior to the act of 1849, the surrogate made no apportionment; all that he did, which would have any bearing on this subject, was to adjust and settle as between the executors, the relative amounts which each had received and paid out.

Now, admitting as the learned judge upon the trial assumed, that the sums so raised and paid, would in the absence of all other proof afford presumptive evidence, were that question properly in issue, of the amount of service which each had rendered, yet it by no means follows that he was right in instructing the jury that they might apportion the compensation upon that basis.

As the Revised Statutes, upon which the question wholly depends, gave the compensation to the *executors* in general terms, without providing for any apportionment among them, upon equitable principles, the legal consequence clearly was, that when there were several executors, the compensation was to be divided equally among them, this right to compensation was a strict *statutory* right, not depending upon any equities whatever, and each was entitled to what the statute gave. The case is precisely analogous to that of two attorneys jointly employed in the same suit, under the old system of attorney's fees, one of whom had collected the entire taxed bill. In an action by the other to recover his share of the fees, no one, I imagine, ever supposed that the defendant could set up that he had performed more than half the labor, and was, therefore, entitled to a proportionate share of the fees. Were the legislature to appoint three commissioners to superintend the erection of some public building and to disburse the necessary funds, giving them a certain per centage upon the amount expended, by way of compensation, no one would contend in the absence of any agreement among themselves, that one could

legally claim more than his rateable share of the compensation, on the ground that he had performed more of the labor than his associates.

Until the principle of equitable apportionment was introduced by the act of 1849, I doubt whether even the surrogate, notwithstanding his plenary jurisdiction over the whole subject of the settlement of estates, had power to deprive either of the executors of any portion of the compensation to which he would be entitled by the terms of the statute. But, however this may have been, I think it quite clear, that a court of law, in the absence of any direct action of the surrogate on the subject, could have no real power. This conclusion renders it unnecessary to pass upon any of the other questions raised upon the argument. The judgment should be reversed, and a new trial ordered, with costs to abide the event.